By the Court.—Speir, J.
[After reviewing the evidence and arriving at the conclusion that upon the undisputed evidence and facts the sale was made through Dayton & Co., who acted as brokers for both seller and buyer, that defendants had knowledge before they placed any funds in the hands of Dayton & Co., that the plaintiffs were the sellers of the sugar; that the remittance to Dayton & Co. was not intended to be on account of plaintiff’s bill; and that plaintiffs, in fact, received but $1,000 from defendants, for which due credit was given, proceeds :] The only question in the case is whether the provision of the contract— “send invoice and bill of lading to our office, collect at our office,”—had the effect of charging the plaintiffs for money received by Dayton & Co. from the defendants. The invoice mentioned here is the plaintiffs’ bill sent to the defendants with the shipment of the sugar. The contract informs the defendants that the sale was made on account of the plaintiffs to them, and the bill is made against them and calls for payment: The defendants were not authorized to pay to Dayton & Co., although payment was to be made at. their office. The general rule is, that a broker employed to buy or sell, has no authority to receive payment. The exception to the rule prevails where the broker is clothed with the indicia of authority to receive payment, especially where the principal is not disclosed (Russell on Fac. and Brokers, 48 Law Lib. 68-110; Cassel v. Thornton, 3 Car. & P. 352 ; Higgins v. Moore, 34 N. Y. 417). The defendants were apprised by the contract and the bill received from the plaint *237 iffs, that the goods were bought from the plaintiffs, and payment was due to them, to be made at the office of the brokers. The main defense relied on was: that at the time the sugars were received and paid for they had no knowledge that the same had been purchased from the plaintiffs. The contrary was affirmatively proved by the testimony of one of the defendants, and what is still more conclusive, the payments made to Dayton & Co. were made before the time of payment had expired, and were made on an arrangement with them by which a currency price had been converted into a gold price, and after the receipt of the plaintiffs’ bill by the defendants.
The judgment and order should be affirmed with costs.
Sanford, J., concurred.